# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3058-20

D.W. and J.W.,

    Plaintiffs-Appellants,

v.

C.C. and B.W.,

    Defendants-Respondents.

_____

Submitted March 28, 2022 – Decided July 27, 2022

Before Judges Sumners and Vernoia.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Cumberland County, Docket No. FD-06-0274-21.

D.W. and J.W., appellants pro se.

Respondents have not filed a brief.

PER CURIAM

Plaintiffs D.W. and J.W.[1] (grandparents) appeal the Family Part order denying them visitation with their paternal three-year-old grandson K.W. under the Grandparent and Sibling Visitation Statute (GSVS), N.J.S.A. 9:2-7.1. Grandparents claim the now-retired trial judge erred in its application of the law. For the reasons that follow, we reverse and remand.

In 2017, K.W. and his older half-brother, J.C., were removed from the care of their parents, defendants C.C. and B.W. (parents), by the New Jersey Division of Children Protection and Permanency (DCPP) due to their substance abuse. In June 2018, nine-month-old K.W. was placed in his grandparents' care as kinship legal guardians by DCPP.[2] In early 2020, he was reunified with his parents. About a year later, K.W.'s parents ended the visits with his grandparents due to concerns about how his grandparents wanted to raise him. The grandparents filed a petition for visitation under the GSVS, requesting visitation of K.W. and J.C., in addition to W.W., who was born to the parents after the first two boys had been removed by DCPP, for one weekend or two

---

[1] We use fictitious names and initials to protect the identity of the parties and family members. R. 1:38-3(d).

[2] J.C. is the son of C.C. and is not related to plaintiffs. He was later placed in a foster home.

A-3058-20

weekend days per month and a long weekend during summer vacation. Following a plenary hearing, the judge denied the request. Grandparents appeal only the decision denying them visitation with K.W.

The GSVS sets forth eight statutory factors a trial court must consider when a grandparent seeks visitation with a grandchild:

> (1) The relationship between the child and the applicant;
>
> (2) The relationship between each of the child's parents or the person with whom the child is residing and the applicant;
>
> (3) The time which has elapsed since the child last had contact with the applicant;
>
> (4) The effect that such visitation will have on the relationship between the child and the child's parents or the person with whom the child is residing;
>
> (5) If the parents are divorced or separated, the time sharing arrangement which exists between the parents with regard to the child;
>
> (6) The good faith of the applicant in filing the application;
>
> (7) Any history of physical, emotional or sexual abuse or neglect by the applicant; and
>
> (8) Any other factor relevant to the best interests of the child.
>
> [N.J.S.A. 9:2-7.1(b).]

A-3058-20

Lastly, the GSVS provides: "With regard to any application made pursuant to this section, it shall be prima facie evidence that visitation is in the child's best interest if the applicant had, in the past, been a full-time caretaker for the child." N.J.S.A. 9:2-7.1(c).

In the context of a grandparent's application under the GSVS, our Supreme Court in Major v. Maguire reaffirmed its earlier decision in Moriarty v. Bradt, 177 N.J. 84 (2003) "that, in order to overcome the presumption of parental autonomy in the raising of children, grandparents who bring visitation actions under [the GSVS] must prove by a preponderance of the evidence that denial of visitation will harm the child." 224 N.J. 1, 7 (2016). The harm to the child must be "a particular identifiable harm, specific to the child." Mizrahi v. Cannon, 375 N.J. Super. 221, 234 (App. Div. 2005).

"Absent a showing that the child will suffer harm if . . . visitation is denied, a trial court may not mandate visitation pursuant to the best[ ]interests factors of [the GSVS]." Major, 224 N.J. at 18. "Only after the grandparent vaults the proof-of-harm threshold will the court apply a best[ ]interests analysis to resolve disputes over visitation details." Slawinski v. Nicholas, 448 N.J. Super. 25, 34 (App. Div. 2016) (citing Moriarty, 177 N.J. at 117).

After a plenary hearing with testimony from the children's mother, C.C.; K.W.'s and W.W.'s grandmother, J.W.; and the parenting time supervisor,[3] the trial judge rendered a bench decision. The judge demonstrated sincere empathy concerning the discord that prevented the parties from resolving visitation and maintaining their strong family bond. The judge held that the grandparents presented prima facie evidence that their visitation was in K.W.'s best interest but denied visitation because he determined the parties' rift would be exacerbated by an order mandating the requested visitation. Importantly, the judge did not determine whether K.W. would be harmed if he was not allowed to visit his grandparents, and if he would be harmed, was it in his best interest based upon the GSVS factors to allow visitation.

Accordingly, we remand for a determination of whether the grandparents made a showing of identifiable harm to K.W. by not allowing him to visit them, and if so, whether the GSVS's best interest factors favor visitation. Because the trial judge has retired, we leave it to the discretion of the remand judge to determine whether the plenary hearing record will suffice to make a decision or whether a new plenary hearing should be conducted and the scope of that

---

[3] During the time period when the children were in the legal care and custody of DCPP, the parents had supervised visits.

hearing. Our remand shall not be construed as an expression of an opinion on the merits of grandparents' visitation request.

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3058-20